Larry W. GILREATH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 28A05–0012–PC–565.

Court of Appeals of Indiana.

May 4, 2001.

Alan K. Baughman, Linton, Indiana, Attorney for Appellant.

**OPINION**

DARDEN, Judge

*STATEMENT OF THE CASE*

Larry W. Gilreath appeals the denial of his motion to dismiss the petition to revoke his probation.

We reverse and remand.

*ISSUE*

Whether the trial court impermissibly extended the term of Gilreath's probationary period.

## FACTS

On August 5, 1998, the State filed an information charging that Gilreath had committed the offense of theft as a D felony by stealing a carton of Marlboro cigarettes from a Wal–Mart store. Subsequently, Gilreath pled guilty to the D felony charge. On November 6, 1998, the trial court sentenced him to "a term of one (1) year," of which he was to serve two days in jail with "the balance ... ordered suspended." (R. 26). He was also given "credit for one (1) day previously served" in the jail. (R. 27).

On November 5, 1999, the chief probation officer filed a "motion to extend probation," stating that Gilreath had been "placed on probation for a period of one year" on November 6, 1998, and "request[ing]" that his "term of probation be extended for a period of 90 days or until" he completed reading, GED, drug and alcohol programs. (R. 33). On November 8, 1999, the trial court summarily ordered that Gilreath's term of probation be extended "90 days or until all obligations of probation are met." (R. 34).

On January 18, 2000, the chief probation officer filed a petition, alleging that Gilreath had violated the terms of his probation by having possessed cocaine on December 5, 1999, and failing to meet with his probation officer on January 10, 2000. The petition asked the trial court to conduct a hearing to determine whether his suspended sentence should be revoked.

Gilreath filed a motion to dismiss the petition, arguing that the extension of his probationary period had been without statutory authority and that the trial court had failed to follow the statutory procedures for revoking probation. After hear-

ing argument, the trial court denied the motion. The trial court then heard evidence on the petition to revoke. It found Gilreath had possessed cocaine and failed to meet with his probation officer as alleged, in violation of the probation terms "imposed on November 6, 1998 and extended on November 8, 1999." (R. 60). Gilreath was ordered to serve the balance of his suspended sentence. (R. 60).

## DECISION

Gilreath asserts that the trial court's order of November 8, 1999, which extended his term of probation, was erroneous and must be reversed. We agree.[1]

■ The trial court's sentencing authority "is only that which is conferred by the legislature" and, therefore, must conform to statutory parameters. *Weaver v. State,* 725 N.E.2d 945, 948 (Ind.Ct.App. 2000). Likewise, the trial court's authority to revoke a suspended sentence exists only pursuant to the conditions prescribed by statute. *Shideler v. Vrljich,* 195 Ind. 563, 145 N.E. 881, 882 (1925). Moreover, criminal statutes "are strictly construed against the State." *Herron v. State,* 729 N.E.2d 1008, 1010 (Ind.Ct.App.2000), *trans. denied.*

■ The applicable statute provides that the trial court may revoke a person's probation if (1) the person has violated a condition of probation during the probationary period, and (2) "the petition to revoke probation is filed" within forty-five days after the state receives notice of the violation. Ind.Code § 35–38–2–3(a). According to the sentencing order, Gilreath's probationary period ended November 4, 1999 (after 363 days). One day later, the State filed a "motion to extend proba-

---

1. The State "waive[d] its right to respond" upon finding "merit" in Gilreath's "position." State's Waiver of Appellee Brief.

tion"—not a "petition to revoke probation" as required by statute. A revocation of probation without the statutory prerequisite of filing "a petition for revocation of probation" violates the defendant's due process rights. *England v. State,* 670 N.E.2d 104, 105 (Ind.Ct.App.1996).

 Further, upon the assertion by the State that a person has violated a condition of probation, the statute provides that "the court *shall* conduct a hearing concerning the alleged violation," at which "evidence *shall* be presented in open court," and "[t]he person *is entitled* to confrontation, cross-examination, and representation by counsel." I.C. § 35–38–2–3(d), (e) (emphasis added). As we observed in *Parker v. State,* 676 N.E.2d 1083, 1085 (Ind.Ct.App. 1997), I.C. § 35–38–2–3 "codified the due process requirements" of *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), "by requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination by the probationer." Thus, Gilreath's due process rights were also violated by the absence of a hearing before the trial court issued its order of November 8, 1999.

Finally, the provision of I.C. § 35–38–2–3 authorizing the *extension* of a probationary period contains two specific prerequisites: (1) that "the petition to revoke" be filed within the probationary period; and (2) a finding by the court "that the person has violated a condition." I.C. § 35–38–2–3(g). The motion that was filed (in lieu of the required petition) was not filed "within the probationary period," and the trial court made no finding that Gilreath had violated a condition of probation.[2]

Because the trial court failed to comply with statutory and due process requirements, its order of November 8, 1999 extending the period of Gilreath's probationary period was erroneous. Therefore, Gilreath's motion to dismiss the January 2000 petition for revocation based upon violations of probation during the period of the extended probation should have been granted. Consequently, we reverse the order modifying his sentence and remand for action consistent with this opinion.

Reversed and remanded.

NAJAM and BARNES, JJ., concur.

---

**2.** In fact, the "motion" filed by the probation department did not even expressly "charge" that Gilreath had violated a condition of probation. *See* I.C. § 35–38–2–3(a)(b).