Tina R. LIKE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 63A01–0105–CR–179.

Court of Appeals of Indiana.

Jan. 16, 2002.

Michael C. Keating, Keating, Bumb, Vowels, LaPlante & Kent, P.C., Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Judge.

### Case Summary

Appellant-defendant Tina R. Like ("Like") appeals her sentence following a conviction for dealing in a schedule II controlled substance [1] as a Class B felony. We affirm in part, vacate in part, and remand.

### Issues

Like raises three issues for our review, which we restate as follows:

I. whether the trial court properly enhanced her sentence;

II. whether the trial court properly imposed the maximum fine and fees; and

III. whether the trial court properly specified Like's release date.

### Facts and Procedural History

On February 27, 2001, Like pleaded guilty to a charge of dealing in methampetamine, a schedule II controlled substance. The trial court accepted Like's guilty plea and on April 2, 2001, issued the following written sentencing order:

#### MANDATORY FACTORS

In sentencing [Like], the Court has considered the following factors that are mandated by Ind.Code § 35–38–1–7.1(a):

1. While the pre-sentence investigation report describes [Like's] criminal history as "minimal," what criminal history there is, coupled with the length of time that defendant has been involved with methamphetamine, there is a risk that [Like] will commit another crime.

2. [Like] is charged with, and has offered to plead guilty to, the crime of dealing in a schedule II controlled substance. The nature and circumstances of the crime committed are now well-known to the citizens of Pike County. Methamphetamine is highly addictive. Methamphetamine users are the most difficult to treat. The manufacturing processes are highly volatile and pose a significant public safety problem.

3. [Like's] character is called into question by her prior involvement with the criminal justice system as a juvenile, ... and as an adult, ... a forgery charge in which a trial was held and a mistrial resulted, and ... a charge of dealing methamphetamine that was ultimately dismissed by the State, and, finally, charges against [Like] pending in the Gibson Superior Court.... Those charges are dealing in a schedule II controlled a [*sic*] substance, possession of a controlled substance, battery on a law enforcement officer, carrying a handgun without a license, and resisting a law enforcement officer. Additionally, the Court views the battery of a law enforcement officer as particularly telling of [Like's] character.

#### AGGRAVATING FACTORS

The Court finds the following aggravating factors that are discretionary under Ind.Code § 35–38–1–7.1(b):

1. [Like] is in need of correctional and rehabilitative treatment that can best be provided by commitment to a penal facility. This factor is considered

---

1. IND.CODE § 35–48–4–2(a).

aggravating because past involvement with the justice system has failed to dissuade [Like] from further criminal activity. Furthermore, [Like] has never undergone any type of treatment. Finally, commitment to a penal facility beyond the presumptive period will impress upon [Like] that criminal conduct like that which she has engaged in this county, as well as Gibson County, will not be tolerated by the citizens of Pike County.

### MITIGATING FACTORS

The Court finds the following mitigating factors that are discretionary under Ind.Code § 35–38–1–7.1(c):

1. [Like] pled guilty to the charge. This factor is considered as a mitigating factor because it relieves the Court of the time and expense of a jury trial.

### BALANCING OF FACTORS

The Court considers the balance between the aggravating and mitigating factors to be weighted more heavily toward the aggravating factor. While [Like's] willingness to plead guilty mitigates in her favor, the value assigned by the Court is minimal, as [Like] did not offer to change her plea until the day before trial was scheduled. Indeed, the Court was saved the time and expense of a jury trial; however, it was not spared the work involved in preparing for the trial. There was no reason whatsoever for [Like] to wait until the eve of the trial to offer to change her plea. No factor influencing her decision existed on February 26th, that did not exist at some point in time well before the day of trial.

Finally, the Court would generally take into consideration the burden that imprisonment of a mother would impose on her minor children. However, in this case, [Like] placed her children in the care of others some time ago. By her criminal conduct, [Like] has shown no regard for their well-being. Consequently, the court gives no weight to this factor. Given the minimal value assigned to the mitigating factor, it is, therefore, outweighed by the aggravating factor. [Like's] need for correctional treatment, as shown by her inability to abide by the law, and her need for rehabilitative treatment, which is shown by the fact that she has never completed treatment, justifies the Court assigning a greater value than that which was assigned to the lone mitigating factors [*sic*]. An enhanced sentence is further justified by the mandatory factors considered by the Court, as discussed above.

The trial court sentenced Like to twelve years' imprisonment and ordered that she not be released from prison before February 14, 2007, or imprisoned beyond February 13, 2013. The trial court also suspended her driver's license for two years and ordered Like to pay the following: a $10,000 fine, a $125 criminal cost fee, a $3 law enforcement continuing education program fee, a $300 marijuana eradication program fee, and a $1,000 drug abuse interdiction correction fee. The trial court also found Like indigent and advised her that she could not be imprisoned for failing to pay the fine and fees.

### Discussion and Decision

#### I. Enhanced Sentence

 Sentencing decisions are committed to the sound discretion of the trial court and are reversed only upon a showing of manifest abuse of discretion. *See Allen v. State*, 722 N.E.2d 1246, 1250 (Ind. Ct.App.2000). In imposing an enhanced sentence, the trial court must " '(1) identify all significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is determined

to be mitigating or aggravating; and, (3) articulate the court's evaluation and balancing of the circumstances.' " *Id.* (quoting *Thacker v. State,* 709 N.E.2d 3, 9 (Ind. 1999)).

■ As an aggravator, the trial court found that Like was in need of extended correctional and rehabilitative treatment that could only be provided by a penal facility. Like correctly maintains that to enhance a sentence based upon this factor, the trial court must provide a specific and individualized statement of the reasons why it believed that she was in need of correctional and rehabilitative treatment in a penal facility beyond the presumptive term. *See Sensback v. State,* 720 N.E.2d 1160, 1165 (Ind.1999) ("The statement cannot be simply a 'perfunctory recitation' of the statutory wording. The court must provide a reasoned statement why this defendant is in need of this kind of treatment for a period longer than the presumptive sentence.").

Like does not dispute that the trial court provided an individualized statement of reasons, but she argues that the trial court's statement did not sufficiently explain her need for an enhanced sentence. The trial court's statement referred to Like's criminal history, her failure to undergo drug abuse treatment, and the court's desire to impress upon her that dealing in methamphetamine will not be tolerated by the citizens of Pike County. While this statement is perhaps not a model explanation, it is more than a "perfunctory recitation" of the statutory language and sufficiently explains why Like is in need of extended incarceration. Thus, we are unable to conclude that the trial court abused its discretion. *See id.* (stating that the trial court did not abuse its discretion despite finding that the need for correc-

tional or rehabilitative treatment as an aggravator was "more aimed at location than duration").

## II. Fine and Fees

### A. The $10,000 Fine

■ Like points out that the trial court imposed the maximum fine permitted by law,[2] and she argues that the imposition of the maximum fine is manifestly unreasonable under Indiana Appellate Rule 7(B). We have previously held that the Rules of Appellate Procedure "apply to appellate review of fines as well as of incarceration." *Austin v. State,* 528 N.E.2d 792, 795 (Ind.Ct.App.1988). Indiana Appellate Rule 7(B) allows us to revise a sentence that "is manifestly unreasonable in light of the nature of the offense and the character of the offender." "In determining whether a sentence is manifestly unreasonable, 'the issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so.' " *Evans v. State,* 725 N.E.2d 850, 851 (Ind.2000) (citations omitted). Further, "Article 7, Section 6 of the Indiana Constitution specifically charges this court with the responsibility to review and revise sentences 'to the extent provided by rule,' and this authority is found in the text of the Constitution and is independent of our general appellate jurisdiction." *Love v. State,* 741 N.E.2d 789, 795 (Ind.Ct.App.2001) (citation omitted).

■ Here, the trial court ordered Like, who had no other adult convictions, to pay the maximum fine of $10,000 after she sold .32 grams of methamphetamine to a confidential informant. Accordingly, we must conclude that the $10,000 fine is clearly, plainly, and obviously unreasonable in light of the nature of the offense and the char-

---

**2.** *See* IND.CODE § 35–50–2–5 (stating that "[a] person who commits a Class B felony .... may be fined not more than ten thousand dollars ($10,000)").

acter of the offender. *See, e.g., Beno v. State,* 581 N.E.2d 922, 923 (Ind.1991) (concluding the imposition of the maximum sentence and maximum fine was manifestly unreasonable where a defendant with an extensive criminal record sold 3.1 grams of cocaine to a police informant and four days later sold another 2.9 grams of cocaine to the same informant). We therefore remand with instructions to impose a fine, if any, that is commensurate with the nature of the offense and Like's character.

### B. Fees

■ We review the trial court's imposition of fees for an abuse of discretion. *See Turner v. State,* 755 N.E.2d 194, 199 (Ind. Ct.App.2001), *trans. denied.* Like argues that the trial court abused its discretion in imposing the maximum fees.

■ In its written sentencing order, the trial court ordered Like to pay a criminal cost fee of $125 pursuant to Indiana Code Section 33–19–5–1(a), which provides that "[f]or each action that results in a felony conviction under IC 35–50–2 or a misdemeanor conviction under IC 35–50–3, the clerk shall collect from the defendant a criminal cost fee of one hundred twenty dollars." Since Like was convicted under Indiana Code Section 35–48–4–2(a), not 35–50–2, the trial court abused its discretion in imposing the $125 fine. We therefore vacate that portion of the sentencing order.

The trial court also imposed a $1,000 fee pursuant to Indiana Code Section 33–19–6–9, which states in part:

(a) This section applies to criminal actions.

(b) The court shall assess a drug abuse, prosecution, interdiction, and correction fee of at least two hundred dollars ($200) and not more than one thousand dollars ($1,000) against a person

convicted of an offense under IC 35–48–4.

(c) In determining the amount of the drug abuse, prosecution, interdiction, and correction fee assessed against a person under subsection (b), a court shall consider the person's ability to pay the fee.

During the sentencing hearing the trial court determined that Like was indigent. We conclude that the trial court failed to consider Like's ability to pay as the statute requires and abused its discretion in imposing the $1000 fee. We therefore vacate that portion of the sentencing order and remand with instructions to impose a fee taking into consideration Like's ability to pay.

■ The trial court also imposed a $300 marijuana eradication fee pursuant to Indiana Code Section 33–19–6–6, which provides as follows:

(a) This section applies to criminal actions.

(b) The clerk shall collect the marijuana eradication program fee set by the court under IC 15–3–4.6–4.1 if:

(1) a weed control board has been established in the county under IC 15–3–4.6–1; and

(2) the person has been convicted of an offense under IC 35–48–4 in a case prosecuted in that county.

(c) The court may set a fee under this section of not more than three hundred dollars ($300).

Like does not challenge whether Pike County has established a weed control board under Indiana Code Section 15–3–4.6–1, and without more we cannot conclude that the trial court abused its discretion in imposing the $300 fee.

Finally, the trial court imposed a $3 law enforcement continuing education program fee pursuant to Indiana Code Section 33–

19–6–7(c), which provides, "In each action in which a defendant is found to have: (1) committed a crime; (2) violated a statute defining an infraction; or (3) violated an ordinance of a municipal corporation; the clerk shall collect a law enforcement continuing education program fee of three dollars ($3)." Because this fee is not discretionary, we cannot conclude that the trial court abused its discretion in imposing the fee. *See Murray v. Hamilton County Sheriff's Dept.*, 690 N.E.2d 335, 340 (Ind.Ct.App.1997) ("Ordinarily, the word 'shall' in a statute is presumed to be mandatory, unless it is clear from the context that the General Assembly intended otherwise.").

### III. Specification of Release Date

Like contends that the trial court erroneously specified the minimum sentence that she must serve by stating that she "shall not be released earlier than February 14, 2007." Like argues that she could be eligible for earlier release upon the completion of certain educational programs. *See* IND.CODE § 35–50–6–3.3 (providing that a person can earn additional credit time of six months for obtaining a GED, one year for graduating from high school, one year for completing an associate's degree, two years for completing a bachelor's degree, not more than six months for completing an approved vocational education program, and not more than six months for completing an approved substance abuse program).

The State correctly concedes that the trial court did not consider the possibility of Like completing an educational program. Since "the manner in which a sentence is served once the prisoner has been committed to the Department of Correction is a matter of discretion of that department together with the parole board and the clemency commission and their interactions with the Governor[,]" not the

trial court, we must vacate that portion of the sentencing order. *See Propes v. State*, 587 N.E.2d 1291, 1293 (Ind.1992), *cert. denied*, 505 U.S. 1226, 112 S.Ct. 3046, 120 L.Ed.2d 913 (1992).

Affirmed in part, vacated in part, and remanded in part.

RILEY, J., and MATHIAS, J., concur.