**Tina R. LIKE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 63A01–0105–CR–179.**

Court of Appeals of Indiana.

April 16, 2002.

Michael C. Keating, Keating, Bumb, Vowels, LaPlante & Kent, P.C., Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

### OPINION ON REHEARING

BROOK, Chief Judge.

We consider the State's petition for rehearing in which it argues that we erred in concluding that the trial court abused its discretion in imposing a $125.00 criminal costs fee under Indiana Code Section 33–19–5–1(a). *See Like v. State,* 760 N.E.2d 1188, 1193 (Ind.Ct.App.2002). Indiana Code Section 33–19–5–1(a) provides that "[f]or each action that results *in a felony conviction* under IC 35–50–2 .... the clerk shall collect from the defendant a criminal costs fee of one hundred twenty dollars ($120)." (Emphasis added.) In our opinion, we noted that Like was convicted of a Class B felony under Indiana Code Section 35–48–4–2(a), not under Indiana Code 35–50–2, and vacated the portion of the trial court's order imposing a $125.00 criminal costs fee. *See Like,* 760 N.E.2d at 1193.

The State acknowledges that a defendant cannot be convicted of a felony under Indiana Code 35–50–2, which governs felony sentencing provisions, but contends that the "spirit of the statute" requires a trial court to impose the fee when a defendant has been convicted of a felony. We agree with the State's contention but nevertheless conclude that the trial court abused its discretion in imposing a fee in excess of the statutory limit of $120.00. We therefore grant the State's petition for rehearing and remand with instructions to

impose a criminal costs fee in the amount of $120.00.

Petition for rehearing granted and remanded with instructions.

MATHIAS, J., concurs.

RILEY, J., would deny rehearing.