**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED
Nov 07 2012, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON PRICE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1203-CR-154 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
The Honorable Michael S. Jensen, Magistrate
Cause No. 49G20-1103-FB-20429

**November 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Brandon Price appeals his conviction of Class B felony possession of a firearm by a serious violent felon[1] and the imposition of a $500 public defender fee. We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On March 29, 2011, the State charged Price with Class B felony unlawful possession of a firearm by a serious violent felon, Class C felony possession of cocaine and a firearm,[2] and Class A misdemeanor possession of marijuana.[3] Price's trial was bifurcated. In the first part, the jury found Price guilty of unlawful possession of a firearm, but not guilty of the drug possession charges. In the second part, the jury found Price to be a serious violent felon. The trial court entered a conviction accordingly and sentenced Price to twelve years incarcerated. It also imposed fees, including a $500 public defender fee.

## DISCUSSION AND DECISION

1.  Sufficiency of the Evidence

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the factfinder's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the court's ruling. *Id.* We affirm a conviction

---

[1] Ind. Code § 35-47-4-5(c).
[2] Ind. Code § 35-48-4-6(b)(1)(B).
[3] Ind. Code § 35-48-4-11.

unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the factfinder's decision. *Id.* at 147.

To prove Price committed Class B felony unlawful possession of a firearm by a serious violent felon, the State must have presented evidence he knowingly or intentionally possessed a firearm after being convicted of a serious violent crime as defined by Ind. Code § 35-47-4-5(b). *See* Ind. Code § 35-47-4-5(c). The State presented sufficient evidence to prove Price was a serious violent felon.

At trial, the State alleged Price had been convicted of Class B felony dealing in cocaine, and presented as evidence the abstract of judgment from the prior felony, which included Price's name and a cause number; the charging information from the prior felony, which included Price's name, birthdate, and the same cause number on the abstract of judgment; the arrest report, bearing Price's name and birthdate, a short cause number identical to that on the charging information, and a thumbprint; and a card with Price's thumbprint taken the day Price's trial for the instant offense. The thumbprint on the arrest report and Price's thumbprint matched.

Our Indiana Supreme Court has stated:

> Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies. While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was

3

convicted of the prior felony, then a sufficient connection has been shown.

*Hernandez v. State*, 716 N.E.2d 948, 953 (Ind. 1999) (citations omitted).

Based on the evidence outlined above, a reasonable jury could infer the Brandon Price in the instant case was the same Brandon Price who previously committed Class B felony dealing in cocaine, and thus was a serious violent felon.[4] *See Tate v. State*, 835 N.E.2d 499, 511 (Ind. Ct. App. 2005) (three certified documents with the same cause number and identifying Tate as the defendant were sufficient to prove he previously committed burglary and was thus a serious violent felon), *trans. denied*.

2.      Public Defender Fee

Price argues the trial court abused its discretion when assessing a $500 public defender fee. A trial court has discretion in sentencing a defendant and its decision will be reversed only if there is a manifest abuse of discretion. *Jester v. State*, 746 N.E.2d 437, 439 (Ind. Ct. App. 2001). If the trial court imposes fees within the statutory limits, there is no abuse of discretion. *Mathis v. State*, 776 N.E.2d 1283, 1289 (Ind. Ct. App. 2002), *trans. denied.* A defendant's indigency does not shield him from all costs or fees related to his conviction. *See*, *e.g.*, *Like v. State*, 760 N.E.2d 1188, 1193 (Ind. Ct. App. 2002) (finding no abuse of discretion where the court imposed a $300 marijuana eradication fee on an indigent defendant), *reh'g granted and remanded on other grounds,* 766 N.E.2d 416 (Ind. Ct. App. 2002).

---

[4] Dealing in cocaine is listed as a serious violent felony pursuant to Ind. Code § 35-47-4-5(b)(23).

4

Three statutes empower the trial court to impose a fee on a defendant for the cost of his appointed representation. *See* Ind. Code §§ 33-37-2-3, 33-40-3-6, 35-33-6-7. Price's fee was not proper under any of them.

Ind. Code § 33-37-2-3 states in relevant part:

(a) Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. If the person is not indigent, the court shall order the person to pay:
>    (1) the entire amount of the costs at the time sentence is pronounced
>    (2) the entire amount of the costs at some later date; or
>    (3) specified parts of the costs at designated levels.
* * * * *
(e) If, after a hearing under subsection (a) or (b), the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person.

In *Banks v. State*, 847 N.E.2d 1050, 1052 (Ind. Ct. App. 2006), *trans. denied*, the trial court found Banks indigent and ordered him to pay $200 in public defender fees. We noted the order would be erroneous if it had been made pursuant to Ind. Code § 33-37-2-3(a), because that statute permits the court to order a defendant to pay "[i]f the person is not indigent," but the court had found Banks indigent. *Id*. Price was found indigent at an initial hearing, so the $500 public defender fee could not be imposed under Ind. Code § 33-37-2-3.

Ind. Code § 33-40-3-6 states in relevant part:

5

(a) If at any stage of a prosecution for a felony or a misdemeanor the court makes a finding of ability to pay costs of representation under section 7 of this chapter,[5] the court shall require payment by the person . . . of the following costs in addition to other costs assessed against the person:

> (1) Reasonable attorney's fees if an attorney has been appointed for the person by the court.
> (2) Costs incurred by the county as a result of court appointed legal services rendered to the person.

(Footnote added).

In *Lamonte v. State*, 839 N.E.2d 172, 176 (Ind. Ct. App. 2005), a trial court required Lamonte to pay $400 to the Supplemental Public Defender Service Fund pursuant to this statute. We held that fee was an abuse of discretion because the court imposed it without finding Lamonte was able to pay for his appointed representation under Ind. Code § 33-40-3-7. *Id.* Similarly, this trial court did not find Price could pay for his representation based on the criteria set forth in Ind. Code § 33-40-3-7. Thus, the trial court did not have authority to impose the $500 fee against Price pursuant to this section of the Indiana Code.

Finally, we turn to Ind. Code § 35-33-7-6, which provides in relevant part:

(a) Prior to the completion of the initial hearing the judicial officer shall determine whether a person who requests assigned counsel is indigent. If the person is found to be indigent, the judicial officer shall assign counsel.

\* \* \* \* \*

(c) If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following:

---

[5] Ind. Code § 33-40-3-7 requires the trial court consider the following when determining if the person is able to pay the costs of representation:

> (1) the person's independently held assets and assets available to the spouse of the person or the person's parent if the person is unemancipated;
> (2) the person's income;
> (3) the person's liabilities; and
> (4) the extent of the burden that payment of costs assessed under section 6 of this chapter would impose on the person and the dependents of the person.

(1) For a felony action, a fee of one hundred dollars ($100).

The trial court ordered Price to pay $500 in public defender fees, which is not permitted under this section of the Indiana Code.

Because the trial court did not enter findings required to support a fee under any of the three statutes, we must reverse its assessment of the $500 public defender fee and remand for proceedings consistent with this opinion.

## CONCLUSION

The State presented sufficient evidence Price was a serious violent felon. However, the trial court abused its discretion when it ordered Price to pay a $500 public defender fee because it did not enter findings required to support such a fee under any of the three statutes that might apply. Accordingly, we affirm his conviction, reverse his public defender fee, and remand.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and KIRSCH, J., concur.