# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 13 2017, 7:51 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edward M. Tate, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 13, 2017<br><br>Court of Appeals Case No.<br>49A05-1602-CR-369<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy Jones, Judge<br><br>Trial Court Cause No.<br>49G08-1503-CM-9751 |

**May, Judge.**

[1] Edward M. Tate, Jr. appeals his conviction of Class A misdemeanor carrying a handgun without a license[1] and the fees imposed. We affirm.

## Facts and Procedural History

[2] On March 19, 2015, Tate met with friends Raven Williams and Satori Cooper at a hotel. Unbeknownst to the three friends, Indiana State Police were surveilling Cooper because he had outstanding warrants for his arrest. The three left the hotel and got into a white car. Williams drove, Cooper was in the front passenger seat, and Tate sat behind Williams.

[3] Indiana State Police Trooper Kyle Freeman followed the car and initiated a traffic stop for failure to signal. When asked, Cooper lied about his name. Trooper Freeman smelled burnt marijuana in the car. Based on that observation, Trooper Freeman asked the three to get out of the car and he gave them *Miranda* warnings. Trooper Freeman had his K-9 dog "seek narcotics," (Tr. at 28), and the dog alerted at the car's trunk.

[4] As a result of the K-9's alert, Indiana State Police Sergeant Dean Wildauer searched the vehicle and "found a 45 caliber [sic] handgun loaded with seven rounds in it . . . within twelve inches of . . . where Mr. Tate's right foot would've been." (*Id*. at 38.) The gun was "directly behind the passenger on the

[1] Ind. Code § 35-47-2-1(a) (2014).

rear floorboard . . . underneath some clothing[.]" (*Id.*) Only Tate could have easily reached the gun.

[5] All three friends denied knowledge of the gun. However, Tate did not look surprised when questioned about the handgun, whereas Williams and Cooper did. The officers asked Tate if his DNA and fingerprints would be on the gun and Tate claimed they would not. Sergeant Wildauer then "explained to [Tate] the way DNA works[,]" (*id.* at 39), and Tate admitted he had touched the gun. Tate also admitted he did not have a license to carry a handgun.

[6] After a bench trial, the court found Tate guilty as charged and sentenced him to 365 days, with 60 days to be served on home detention with a "sliding fee scale" and 305 days on probation with a "sliding fee scale." (Corrected Appellant's App. Vol. II (hereinafter "App.") at 11.) The court ordered Tate to pay other fees in the sum of $383.00. (*Id.* at 12.) The court did not hold an indigency hearing at the time of sentencing.

# Discussion and Decision

## Sufficiency of Evidence

[7] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the

credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

[8] To convict Tate of carrying a handgun without a license, the State had to prove Tate had a handgun on his body or in a vehicle without being licensed. Ind. Code § 35-47-2-1(a). In this instance, the alleged possession of the handgun was constructive rather than actual. "Constructive possession involves the intent and capability to maintain dominion and control over the contraband even though actual physical control is absent." *Walker v. State*, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994). To prove constructive possession, "the State must demonstrate the defendant's knowledge of the contraband." *Woods v. State*, 471 N.E.2d 691, 694 (Ind. 1984), *reh'g denied*. Knowledge of the handgun can be "inferred from either the exclusive dominion and control over the premise containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband." *Id.* Such control can be shown through a variety of means, such as:

> (1) incriminating statements by the defendant, (2) attempted
> flight or furtive gestures, (3) location of substances like drugs in

settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant.

*Henderson v. State*, 715 N.E.2d 833, 836 (Ind. 1999).

[9] The State presented evidence the gun was "within twelve inches of . . . Mr. Tate's right foot[.]" (Tr. at 38.) Tate was the only one who could easily reach the weapon, Tate admitted he touched it, and Tate did not seem surprised the officers had found a gun in the car.

[10] Despite those facts, Tate asserts the State did not provide sufficient evidence to prove he constructively possessed the handgun. Tate argues he admitted touching a gun he saw in the hotel room, but he did not place the gun in the car or see anyone else place the gun in the car. Tate argued at trial a second gun was present, but no second gun was located in the search of the hotel room.

[11] Although Tate argues the gun he admitted touching was the gun he saw in the hotel and not the gun found in the car, the trial court said specifically that it "d[id]n't think that there was any confusion about what gun was being referenced" when Tate made his statement regarding touching it. (*Id.* at 65.) Tate is, in essence, asking us to reweigh the evidence, which we will not do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence or judge the credibility of witnesses). Based on Tate's statement admitting to touching the gun and his proximity in the car to the gun, the State provided sufficient evidence Tate illegally carried a handgun under a constructive possession

theory. *See Henderson*, 715 N.E.2d at 836 (listing possible ways to prove constructive possession, including "incriminating statements by the defendant [and] proximity of the contraband to the defendant").

## Fees

"Sentencing decisions include decisions to impose fees and costs." *Johnson v. State*, 27 N.E.3d 793, 794 (Ind. Ct. App. 2015). If the trial court imposes fees within the statutory limits, there is no abuse of discretion. *Mathis v. State,* 776 N.E.2d 1283, 1289 (Ind. Ct. App. 2002), *trans. denied.* An abuse of discretion occurred if the trial court misinterpreted the law or if its decision was clearly against the logic and effect of the facts and circumstances before it. *Pavlovich v. State*, 6 N.E.3d 969, 975 (Ind. Ct. App. 2014), *trans. denied.* A defendant's indigency does not shield him from all costs or fees related to his conviction. *See, e.g., Like v. State,* 760 N.E.2d 1188, 1193 (Ind. Ct. App. 2002) (finding no abuse of discretion in a $300 marijuana eradication fee imposed on an indigent defendant because the fee was mandatory per the relevant statute), *reh'g granted and remanded on other grounds,* 766 N.E.2d 416 (Ind. Ct. App. 2002).

On January 26, 2016, the trial court entered an order stating Tate was assessed "Criminal Court Costs and Fees" of $183.00 and a "Safe Schools Fee" of $200.00 for a total of $383.00. (App. at 9.) Additionally, it ordered his community corrections fees and probation fees be on a "sliding fee scale."[2] (*Id.*)

---

[2] Tate includes in his Appendix a "Case Transactions Summary" purportedly issued by the Probation Department and listing fees. (App. at 43.) We decline to review this document as "[t]he appellate rules do

To impose probation fees, a trial court must conduct an indigency hearing. Ind. Code § 33-37-2-3; *Johnson*, 27 N.E.3d at 794. However, there is no requirement as to when the hearing must be held. *Johnson*, 27 N.E.3d at 795. Here, the trial court did not conduct an indigency hearing when it ordered fees to be paid. Nevertheless, a "court acts within its authority when it chooses to wait and see if a defendant can pay probation fees before it finds the defendant indigent." *Id.* The latest date to conduct the hearing would be either at the completion of the sentence or before a probation revocation premised on failure to pay fees. *Id.* The trial court has no duty to conduct the indigency hearing until the completion of Tate's probationary period. Ind. Code § 33-37-2-3. Thus we find no error at this juncture.

# Conclusion

[14]    As the State presented sufficient evidence to prove Tate was carrying a handgun without a license and the trial court did not abuse its discretion in ordering fees, we affirm.

[15]    Affirmed.

---

not permit material to be included in a party's appendix that was not presented to the trial court." *In re Contempt of Wabash Valley Hosp., Inc.,* 827 N.E.2d 50, 57 n.6 (Ind. Ct. App. 2005).

Tate asks us to remand for an indigency hearing. We concede an indigency hearing is required at some point, but we do not know whether one has occurred since the sentencing hearing on January 26, 2016, or whether Tate has reached the end of his probation. If Tate believes an indigency hearing is now required or the probation department's determination of the amount of fees was inappropriate, Tate must first raise these issues before the trial court.

Kirsch, J., and Crone, J., concur.