

**FILED**

Mar 06 2015, 9:44 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kenneth E. Biggins
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Demand Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 6, 2015

Court of Appeals Case No.
49A02-1406-CR-437

Appeal from the Marion Superior
Court.
The Honorable Amy Jones, Judge.
Cause No. 49F08-1402-CM-9023

**Baker, Judge.**

[1] Demand Johnson appeals the trial court's order that he pay $340 for probation fees. Specifically, Johnson argues that the trial court abused its discretion when it ordered him to pay probation fees without first conducting an indigency hearing. We find no requirement that a trial court should conduct an indigency hearing at the time probation fees are ordered. Nevertheless, the trial court has a duty to conduct an indigency hearing before or upon the completion of a defendant's sentence. Additionally, probation fees should reflect the time a defendant actually served on probation. Therefore, we remand to the trial court to conduct an indigency hearing upon the completion of Johnson's sentence and to reassess probation fees relative to the time that Johnson served on probation.

## Facts

[2] Johnson was found guilty of Carrying a Handgun Without a License, a Class A misdemeanor, and Possessing Alcohol as a Minor, a Class C misdemeanor. On May 28, 2014, Johnson was sentenced to 365 days in prison, with 361 days suspended to probation. The trial court found that Johnson was indigent to court costs and other fees. However, as a condition of his probation, Johnson was ordered to pay a probation administration fee of $50 and a probation user fee of $290. The trial court ordered a sliding fee scale for the probation fees, but delayed making an indigency determination until more information regarding Johnson's financial situation came to light. The probation fees reflected the total sum that Johnson was required to pay for the twelve months he was to serve on probation. On October 21, 2014, Johnson admitted to violating the

terms of his probation by failing to report to the Probation Department as directed and by failing to obtain/maintain full-time employment. Appellant's App. p. 33-35. On October 24, 2014, Johnson again violated the terms of his probation when he was arrested and charged with Criminal Trespass. *Id.* at 36-37. Following these violations, Johnson's probation was revoked by the trial court on November 7, 2014. *Id.* at 38. Thus, Johnson served approximately five months' probation before revocation. *Id.* at 38. Johnson has yet to pay any amount towards the probation fees. It is unclear from the record whether Johnson has completed his sentence. Johnson now appeals.

## Discussion and Decision

[3] Sentencing decisions include decisions to impose fees and costs. *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011). A trial court's sentencing decisions are reviewed under an abuse of discretion standard. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). "An abuse of discretion has occurred when the sentencing decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 588 (*quoting K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). "If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion." *Berry*, 950 N.E.2d at 799.

[4] Johnson argues that the trial court abused its discretion when it ordered him to pay $340 in probation fees without first conducting an indigency hearing.

Johnson rightly asserts that, under Indiana Code section 33-37-2-3, if a trial court imposes costs on a defendant, a trial court is required to conduct an indigency hearing. However, "the statute does not otherwise dictate when the hearing is to be held." *Berry*, 950 N.E.2d at 802; Ind. Code § 33-37-2-3. A trial court acts within its authority when it chooses to wait and see if a defendant can pay probation fees before it finds the defendant indigent. *See* Ind. Code ch. 35-38-2 (no language in this chapter requires the trial court to conduct an indigency hearing before or directly after ordering probation fees). That being said, the trial court has a duty to conduct an indigency hearing at some point in time. I.C. § 33-37-2-3. At the latest, an indigency hearing for probation fees should be held at the time a defendant completes his sentence.[1] Consequently, in this case, on the completion of Johnson's sentence, the trial court should conduct an indigency hearing to assess Johnson's ability to pay probation fees.

[5] Also, the trial court ordered Johnson to pay probation fees of $340 for twelve months' probation. However, the trial court revoked Johnson's probation after he had served approximately five months. Appellant's App. p. 38. Since the $340 in probation fees reflected a twelve-month probation and Johnson served only five of those months, the trial court should recalculate Johnson's probation

---

[1] However, if revocation of probation is a result of a defendant's *failure to pay* fees and/or costs, the trial court has a duty to conduct an indigency hearing before revoking probation. *Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002) (". . . [W]hen fines or costs are imposed upon an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs."). However, Johnson's probation was not revoked for failure to pay fees and/or costs; thus, an indigency hearing was not required when his probation was revoked.

fees, if appropriate, to correspond with the probation time Johnson actually served. I.C. § 35-38-2-1(e).

[6] The judgment of the trial court is remanded to conduct an indigency hearing on the completion of Johnson's sentence, whereupon, the trial court shall also recalculate the amount of probation fees owed, if any.

Vaidik, C.J., and Riley, J., concur.