# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 19 2016, 6:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dorris Latrese Dooley, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 19, 2016 <br><br> Court of Appeals Case No. 20A03-1603-CR-561 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Evan S. Roberts, Judge <br><br> Trial Court Cause No. 20D01-1001-FC-5 |

**Altice, Judge.**

**Case Summary**

As a result of violations of her community corrections commitment, the trial court ordered Doris Dooley to serve the remainder of her suspended six-year sentence in the Indiana Department of Correction (the DOC). The court also ordered her to pay a $250 fine, which had been previously suspended. On appeal, Dooley challenges the imposition of the fine. Specifically, she argues that the trial court was required to hold an indigency hearing and upon a finding of indigence, expressly state in its order that Dooley could not be incarcerated for failing to pay the fine.

## Facts & Procedural History

In June 2012, Dooley pled guilty to class C felony battery. The trial court sentenced her to six years in the DOC, all suspended to probation. The court also imposed a $250 fine, which it suspended, and costs and fees. Dooley violated probation within about a year. In October 2014, the trial court revoked Dooley's probation and ordered her to serve the balance of her sentence on work release through the Elkhart Community Corrections (ECC). Dooley subsequently violated the conditions of her ECC commitment on a number of occasions and was terminated from ECC. Following an evidentiary hearing in February 2016, the trial court determined that Dooley had violated the terms of placement. In addition to ordering Dooley to serve the remainder of her sentence in the DOC, the court ordered her to pay the previously suspended $250 fine and entered judgment in favor of ECC for $1957 plus post-judgment interest. On appeal, Dooley challenges only the imposition of the $250 fine.

## Discussion & Decision

[3] Dooley's appellate argument is brief. She argues that, pursuant to Ind. Code § 33-19-2-3(a), the trial court was required to hold a hearing to determine her ability to pay the fine. Additionally, she contends that the trial court should have informed her that she cannot be incarcerated for an inability to pay.

[4] We are perplexed by her argument because I.C. § 33-19-2-3(a) was repealed in 2004 and dealt with costs, not fines. Further, our Supreme Court has clearly held that sentencing orders are not required to contain an express statement prohibiting imprisonment for nonpayment of fines or costs. *Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002).

[5] It is well established that although trial courts have the authority to assess fines or costs against an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs. *See id.* "Moreover, a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration, thus allowing consideration of whether the defendant may have accumulated assets through inheritance or otherwise." *Id.*

[6] In this case, because the trial court's order does not indicate when the fine shall be paid, we will consider it stayed until Dooley's release from prison. Thus, while the trial court has a duty to conduct an indigency hearing upon Dooley's release under Ind. Code § 35-38-1-18, Dooley has wholly failed to establish an

abuse of discretion. *See Johnson v. State*, 27 N.E.3d 793, 794-95 (Ind. Ct. App. 2015).

[7]     We affirm.

[8]     Bradford, J. and Pyle, J., concur.