## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 20 2016, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clifford M. Lawrence, *Appellant-Defendant,* | October 20, 2016 |
| | Court of Appeals Case No. 49A02-1602-CR-336 |
| *v.* | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Hon. Amy M. Jones, Judge |
| | Trial Court Cause No. 49G08-1505-CM-15546 |

**Bradford, Judge.**

## Case Summary

[1] Following his conviction for Class B misdemeanor public intoxication, Appellant-Defendant Clifford Lawrence was sentenced to 178 days of

probation. The trial court assessed a $50 supplemental public defender fee and ultimately ordered that Lawrence pay $220 in probation fees. Lawrence contends that the trial court abused its discretion in ordering that he pay the supplemental public defender and probation fees without first assessing his ability to pay either. Because we agree, we affirm the trial court's judgment of conviction and sentence, reverse the trial court's order to pay probation and supplemental public defender fees, and remand for further proceedings.

# Facts and Procedural History

[2] On May 5, 2015, Indianapolis Metropolitan Police Sergeant Allen Tuttle encountered Lawrence, who was in a vehicle in the emergency room parking lot at Community East Hospital in Indianapolis. Sergeant Tuttle approached the vehicle, which was not parked in an area designated for that purpose, and when he identified himself as a police officer, the vehicle "lurched forward an[] inch or two … six inches at the most." Tr. p. 7. Sergeant Tuttle directed Lawrence to place the vehicle in park or turn it off, but Lawrence did neither. Sergeant Tuttle reached into the vehicle, placed it into park, and ordered Lawrence to exit. When Sergeant Tuttle helped Lawrence out of the vehicle, he could smell the odor of alcoholic beverage coming from Lawrence's person. Lawrence admitted that he had been drinking and Sergeant Tuttle also noticed that his eyes were glassy and bloodshot, his speech was slow and slurred, his manual dexterity was poor, and he had difficulty retrieving his license.

[3] On May 6, 2015, the State charged Lawrence with Class B misdemeanor public intoxication. On January 28, 2016, the trial court found Lawrence guilty as charged and sentenced him to 178 days of non-reporting probation with alcohol monitoring for the first forty-five days. When the trial court noted that the cost for the monitoring would be subject to a "sliding fee scale[,]" the following exchange took place:

> THE DEFENDANT: With this sliding scale fee; where is this coming from?
> [Lawrence's counsel]: It's a payment plan.
> THE COURT: For anything that you have to pay for. So like probation is going to have like user fees, they're going to have probation fees that are associated with you being on probation, as well as the alcohol monitoring. There's a cost to have that device. So what you need to do is provide them proof that your only income is disability.
> THE DEFENDANT: Right.
> THE COURT: Okay. And then they're going to adjust the fees; it could be all the way down to nothing, okay. But I let them do that. Because I don't have a lot of time-- you can bring the proof in when you meet with your officer the first time so then they can get that set up for you, okay. So that's what we're going to do. You're going to report to the probation department and then you're going to have to report to Community Corrections because that's where the monitoring device is. And we'll give you both the referral slips. I'm going to find you indigent to Court Costs, I'm not going to access any fines.

Tr. p. 24.

[4] Also on January 28, 2016, the trial court issued a written probation order, which included what appears to be a generic fee schedule for misdemeanors and

felonies. The fee schedule indicated a maximum administrative fee of $50, a maximum probation user fee of $50 plus $20 per month, and a maximum public defender fee of $50. On February 1, 2016, Lawrence was assessed $270 in "Case Fees[,]" which included a $50 supplemental public defender fee, a $50 adult probation administrative fee, $164.90 for adult probation monthly and initial user fees, and $5.10 for "Probation User Fee – Clerk's 3%[.]" Appellant's App. p. 27.

# Discussion and Decision

[5] Lawrence contends that the trial court erred in imposing $220 in probation fees and a $50 public defender fee without assessing his ability to pay. We review sentencing decisions, including the trial court's imposition of costs or fees, for an abuse of discretion. *Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind. Ct. App. 2009). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) (citation and quotation marks omitted).

## A. Probation Fees

[6] Lawrence contends that the trial court abused its discretion in ordering $220 in probation fees without first assessing his ability to pay. Indiana Code section 35-38-2-1(e) provides as follows:

(e) In addition to any other conditions of probation, the court may order each person convicted of a misdemeanor to pay:

> (1) not more than a fifty dollar ($50) initial probation user's fee;
> (2) a monthly probation user's fee of not less than ten dollars ($10) nor more than twenty dollars ($20) for each month that the person remains on probation;
> ….
> (4) an administrative fee of fifty dollars ($50);
> to either the probation department or the clerk.

[7] Lawrence contends that the trial court abused its discretion in ordering the payment of probation fees without first conducting an indigency hearing. This court has concluded that an indigency hearing is required before a trial court may order the payment of probation fees. *See Johnson v. State*, 27 N.E.3d 793, 794 (Ind. Ct. App. 2015) ("Johnson rightly asserts that, under Indiana Code section 33-37-2-3, if a trial court imposes costs on a defendant, a trial court is required to conduct an indigency hearing."). While the trial court found Lawrence indigent as to "Court Costs[,]" Tr. p. 24, it made no finding regarding probation fees. We therefore remand with instructions for the trial court to conduct an indigency hearing with regard to Lawrence's ability to pay probation fees.[1]

---

[1] Lawrence also contends that the trial court abused its discretion by delegating to the probation department the possible reduction of his probation fees pursuant to the "sliding scale" mentioned at sentencing. Put another way, Lawrence is essentially alleging that the trial court delegated the indigency determination to the probation department. As Lawrence points out, there is no statutory authority for such a delegation of the trial court's authority. That said, we see no reason that an evaluation of the individual's finances by the probation department (and recommendations resulting therefrom) could not factor into the trial court's indigency determination.

[8] The State contends that the trial court was not required to hold an indigency hearing before assessing probation fees. Indiana Code section 33-37-2-3 provides, in part, that "when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent." The state notes that section 33-37-2-3 appears in Indiana Code Article 33-37, which the State contends is limited to costs and fees imposed pursuant to that Article, which does not include probation fees. In support of this argument, the State relies on the following statutory language: "(a) The costs imposed by [Indiana Code Article 33-37] are for all proceedings in the action. (b) The costs imposed by [Indiana Code Article 33-37] include fees." Ind. Code § 33-37-1-3. While it is true that Indiana Code section 33-37-1-3 refers to costs imposed pursuant to Indiana Code Article 33-37, it does nothing to limit section 33-37-2-3's requirement for an indigency hearing to only those costs imposed pursuant to Article 33-37. We are not convinced by the State's argument that a trial court may order probation fees without conducting an indigency hearing, as has been previously required by this court in *Johnson*, 27 N.E.3d at 794.

## B. Supplemental Public Defender Fee

[9] Lawrence also contends that the trial court abused its discretion in ordering a $50 supplemental public defender fee. It seems clear that the trial court imposed this fee pursuant to Indiana Code section 35-33-7-6, which provides as follows:

> (a) Prior to the completion of the initial hearing, the judicial officer shall determine whether a person who requests assigned

counsel is indigent. If the person is found to be indigent, the judicial officer shall assign counsel to the person.

(b) If jurisdiction over an indigent defendant is transferred to another court, the receiving court shall assign counsel immediately upon acquiring jurisdiction over the defendant.

(c) If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following:

(1) For a felony action, a fee of one hundred dollars ($100).

(2) For a misdemeanor action, a fee of fifty dollars ($50).

The clerk of the court shall deposit fees collected under this subsection in the county's supplemental public defender services fund established under IC 33-40-3-1.

(d) The court may review the finding of indigency at any time during the proceedings.

Ind. Code § 35-33-7-6.

[10] Here, the trial court found Lawrence indigent and granted his petition for appointment of counsel on May 6, 2015, the day he was charged, based "on a thorough examination of defendant's total financial picture[.]" Appellant's App. p. 15. Although Indiana Code section 35-33-7-6(d) allows the trial court to review this indigency finding at any time during the proceedings, it did not. That said, despite the indigency finding, section 35-33-7-6(c) allowed the trial court to assess a $50 supplemental public defender fee if it found that Lawrence was able to pay part of the cost of the representation. Because the trial court made no such finding, assessing the supplemental public defender's fee amounts to an abuse of discretion. We remand with instructions to conduct a hearing on Lawrence's ability to pay part of the cost of representation by his appointed counsel.

[11]    We affirm the judgment of the trial court in part, reverse in part, and remand with instructions.

Pyle, J., and Altice, J., concur.