## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 23 2018, 8:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth Ann Johnson
Rory Gallagher
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn Nieman-Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jarvis D. Johnson, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 23, 2018

Court of Appeals Case No.
49A02-1707-CR-1666

Appeal from the
Marion Superior Court

The Honorable
Amy M. Jones, Judge

Trial Court Cause No.
49G08-1601-CM-3682

**Kirsch, Judge.**

[1] Jarvis D. Johnson, Jr. ("Johnson") was convicted following a bench trial of Class A misdemeanor battery resulting in bodily injury[1] and Class B misdemeanor criminal mischief.[2] He now appeals and raises the following restated issues:

> I. Whether his convictions for battery and criminal mischief violate Indiana's double jeopardy principles; and

> II. Whether the trial court abused its discretion when it imposed probation fees without first holding an indigency hearing.

[2] We vacate in part and remand.

## Facts and Procedural History

[3] In May 2015, John W. Martin ("Martin") was the pastor of an Indianapolis church. On the afternoon of May 10, 2015, Martin spoke to his congregation, and Johnson was present in the church that day, as were some of Johnson's family members, including Johnson's grandmother ("Grandmother"). After Martin finished addressing the congregation, he went to his office, which was in the church building. Grandmother, and some other members of the church, met with Martin in his office and discussed money that Martin believed was

---

[1] *See* Ind. Code § 35-42-2-1(b)(1).

[2] *See* Ind. Code § 35-43-1-2(a).

missing or stolen. When Grandmother left Martin's office, she was crying about what she perceived as accusations that she had stolen the money.

[4] Some family members saw that Grandmother was crying and told Johnson, who went to Martin's office and walked in. At that point, Martin was sitting at his desk, and there were five or six other people in the office, too. Johnson said to Martin, "[Y]ou hurt my grand-momma," and he punched Martin in the face near his right eye, which caused pain. *Id*. at 7, 50. The blow broke Martin's glasses and knocked them off his face; his eye bled, and he later had to undergo surgery to his eye. *Id.* at 7, 20, 28, 50; *State Exs.* 1-2. Right after Johnson threw the punch, another member of the church pulled Johnson away from Martin. *Id*. at 8-9, 50. Johnson then left the office, and Martin called the police.

[5] In January 2016, the State charged Johnson with Class A misdemeanor battery resulting in bodily injury and Class B misdemeanor criminal mischief. The charging information read as follows:

> On or about May 10, 2015, JARVIS JOHNSON did knowingly touch [Martin] in a rude, insolent, or angry manner, to-wit: striking with a closed fist, resulting in bodily injury to the other person, specifically contusions and/or lacerations and/or pain;
>
> On or about May 10, 2015, JARVIS JOHNSON did, without the consent of [Martin], recklessly, knowingly or intentionally damage or deface the property of [Martin], to wit: breaking glasses;

*Appellant's App. Vol. II* at 19.

[6]     In June 2017, the trial court conducted a bench trial, after which it found Johnson guilty on both counts. *Tr. Vol. II* at 63; *Appellant's App. Vol. II* at 13, 16. The same day, the trial court sentenced Johnson to 365 days, with 361 days suspended, for the Class A misdemeanor battery conviction and to 180 days, with 176 days suspended, for the Class B misdemeanor criminal mischief conviction, with the two sentences to be served concurrently. *Tr. Vol. II* at 69; *Appellant's App. Vol. II* at 16-17. The trial court placed Johnson on probation for 361 days, ordered him to complete twelve anger management classes, and ordered him to perform twenty-four hours of community service. *Tr. Vol. II* at 69. The trial court stated, "I don't believe in keeping people on probation forever after they get their stuff done. In fact, if that's an incentive for you to knock this ou[t] sooner rather than later, I'll terminate your probation as soon as you get it done." *Id*. Thereafter, the trial court removed the pretrial no-contact order, and, as to fees and costs, the trial court stated, "I'm not going to access [sic] any fines and I'll show that you have court costs in the amount of $183.00 and then I'll put you on a sliding fee scale for the cost of probation." *Id*. at 70. No objection or opposition was posed regarding the imposition of fees and costs. Counsel for Johnson advised that Johnson desired to appeal, and the trial court appointed pauper counsel. Later that day, the trial court issued its written sentencing order, which included $340 in probation fees, for a total of $523 in fees and costs. *Appellant's App. Vol. II* at 13-14, 17. Johnson now appeals.

# Discussion and Decision

## I. Double Jeopardy

The double jeopardy clause of the Indiana Constitution provides, in relevant part, that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. In addition to constitutional double jeopardy analysis, Indiana also adheres to a number of "common law" double jeopardy rules. *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002). It is a common law double jeopardy violation when a defendant is convicted for a "crime which consists of the very same act as another crime" for which the defendant has been convicted. *Id.*; *Calvert v. State*, 930 N.E.2d 633, 642 (Ind. Ct. App. 2010).

Johnson asserts, and the State concedes, that his convictions, for battery as a Class A misdemeanor and for criminal mischief as a Class B misdemeanor, violate Indiana's prohibition against double jeopardy because a single act – punching Martin in the face – was used to support the two convictions. We agree and vacate his conviction for criminal mischief.[3]

## II. Probation Fees

Johnson next challenges the imposition of probation fees as part of his sentence. Sentencing decisions include the imposition of fines, costs, and fees. *Coleman v. State*, 61 N.E.3d 390, 392 (Ind. Ct. App. 2016). We review a trial court's

---

[3] Because the trial court imposed concurrent sentences, the length of Johnson's sentence and term of probation are not affected by this decision.

sentencing decisions for an abuse of discretion. *Id*. An abuse of discretion occurs when a sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*.

[10] In the present case, Johnson was ordered to pay certain court costs and probation fees. Johnson's argument on appeal is that the trial court exceeded its statutory authority by imposing probation fees without first holding an indigency hearing, and he asks us to vacate the imposition of the probation fees. Initially, we note, and the State observes, Johnson "failed to object or request an indigency hearing when the trial court imposed probation fees." *Appellant's Br*. at 10. Indeed, the record reflects that, after imposing $183 in court costs and stating that probation fees would be imposed on a sliding scale, the trial court expressly asked counsel for Johnson whether she had "anything else" to state or present on behalf of her client, and counsel replied only that Johnson desired to appeal. *Tr. Vol. II* at 70. No objection was made or opposition voiced concerning the fees and costs. We find that Johnson has thus waived his claimed error for failing to present the issue at any time to the trial court. *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004) (recognizing general rule that party may not present argument or issue on appeal unless party raised that argument or issue before trial court).

[11] Waiver notwithstanding, we find no error in the trial court's imposition of probation fees. Indiana Code section 33-37-4-1 sets forth the costs the court shall collect from convicted defendants by operation of law. In addition, where,

as here, a person is convicted of a misdemeanor, the trial court has discretion to impose probation fees. Ind. Code § 35-38-2-1.[4] The Indiana legislature requires indigency hearings as to the imposition of fines and costs. *See* Ind. Code § 33-37-2-3(a) (providing that "when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent") and Ind. Code § 35-38-1-18 (providing that "whenever the court imposes a fine, it shall conduct a hearing to determine whether the convicted person is indigent"). With respect to probation fees, we have held that a trial court acts "within its authority when it chooses to wait and see if a defendant can pay probation fees

---

[4] Indiana Code section 35-38-2-1(b) provides that "[i]f the person was convicted of a misdemeanor, the court may order the person to pay the user's fee under subsection (e)." In turn, Indiana Code section 35-38-2-1(e) provides, in pertinent part:

> In addition to any other conditions of probation, the court may order each person convicted of a misdemeanor to pay:
>
> > (1) not more than a fifty dollar ($50) initial probation user's fee;
> >
> > (2) a monthly probation user's fee of not less than ten dollars ($10) nor more than twenty dollars ($20) for each month that the person remains on probation;
> >
> > . . . .
> >
> > (4) an administrative fee of fifty dollars ($50);
>
> to either the probation department or the clerk.

before it finds the defendant indigent." *Johnson v. State*, 27 N.E.3d 793, 795 (Ind. Ct. App. 2015) (citing Indiana Code chapter 35-38-2).

[12] In *Johnson*, the defendant raised a similar challenge to that presented to us in this case. There, the defendant, Johnson, was sentenced to 365 days in prison with 361 days suspended to probation. 27 N.E.3d at 794. The trial court found that Johnson was indigent as to court costs and other fees, but, as a condition of probation, he was ordered to pay $340 in probation fees ($50 probation administration fee and $290 in probation user fees); the trial court ordered a sliding fee scale for the probation fees. *Id.* Later, Johnson's probation was revoked for failing to report to probation, failing to maintain full-time employment, and for being arrested and charged with a new offense. *Id.*

[13] On appeal, Johnson argued that the trial court abused its discretion when it ordered him to pay $340 in probation fees without first conducting an indigency hearing. *Id.* The *Johnson* court rejected the defendant's claim for relief because "no language in [Indiana code chapter 35-38-2] requires the trial court to conduct an indigency hearing before or directly after ordering probation fees." *Id.* at 795. The *Johnson* court explained that, while the trial court has a duty to conduct an indigency hearing "at some point in time[,]" a trial court "acts within its authority when it chooses to wait and see if a defendant can pay probation fees before it finds the defendant indigent." *Id.* The court continued, "At the latest, an indigency hearing for probation fees should be held at the time a defendant completes his sentence." *Id.* Consequently, the *Johnson* court directed that "on the completion of Johnson's sentence, the trial court should

conduct an indigency hearing to assess Johnson's ability to pay probation fees" and "recalculate the amount of probation fees owed, if any." *Id.*

[14] We find the reasoning and holding of *Johnson* is applicable here and direct that, on or before the completion of Johnson's other probationary obligations, the trial court shall conduct an indigency hearing to assess his ability to pay the probation fees.[5] Accordingly, we remand with instructions to the trial court to determine if Johnson is indigent for purposes of paying the costs and probation fees. *See id.* (remanding for trial court to conduct indigency hearing on completion of defendant's sentence); *see also Briscoe v. State*, 783 N.E.2d 790, 792-93 (Ind. Ct. App. 2003) (stating that "[w]here a trial court fails to conduct an indigency hearing when required, the proper remedy is to remand with instructions to hold such a hearing").[6]

[15] Vacated in part and remanded.

[16] Bailey, J., and Pyle, J., concur.

---

[5] Johnson correctly observes that the sentencing order states that his probation would terminate "upon completion of the terms and payment of fees." *Appellant's App. Vol. II* at 16-17. To the extent that the termination of Johnson's probation was contingent on the full payment of probation fees, we direct that the indigency hearing be held on or before Johnson's completion of his other probationary requirements, *i.e.*, those unrelated to payment of probationary fees.

[6] We recognize that, at the conclusion of the sentencing portion of the hearing, the trial court indicated it would appoint appellate counsel for Johnson. However, this court has observed, "While a trial court's appointment of defense and appellate counsel for a defendant implies a finding of indigency, the appointment of counsel is not conclusive as to the defendant's ability to pay costs." *Briscoe v. State*, 783 N.E.2d 790, 792 (Ind. Ct. App. 2003).