## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 26 2018, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 26, 2018<br><br>Court of Appeals Case No.<br>18A-CR-41<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Stanley Kroh, Magistrate<br><br>Trial Court Cause No.<br>49G03-0002-CF-19525 |

**Robb, Judge.**

# Case Summary and Issue

After James Jones violated the terms of his probation, the trial court revoked his probation, and as part of his sanction, ordered him to pay certain probation-related fees. Jones now appeals raising one issue for our review: whether the trial court abused its discretion by imposing probation fees after revoking Jones' probation before he began serving it. Concluding that the trial court abused its discretion and probation fees should only be imposed in relation to probation actually served, we reverse the imposition of probation fees and remand this case to the trial court for a reassessment of total costs and fees owed.

# Facts and Procedural History

Jones pleaded guilty to dealing in cocaine, a Class B felony, and admitted to being an habitual offender. On July 17, 2002, he was sentenced to fifty years in the Indiana Department of Correction with ten years suspended and 730 days to be served on probation. In July 2015, Jones successfully petitioned the court to modify his sentence. The trial court ordered Jones to serve the remaining executed portion of his sentence in a community corrections program followed by two years of probation. As part of its modified sentencing order, the trial court assessed $793.00 in court costs and fees, including $460.00 in "Adult Probation Monthly and Initial User Fees[.]" Appellant's Appendix, Volume III at 191.

In November 2016, Jones was arrested and charged with several felonies. Marion County Community Corrections and the probation department filed notices of violation, alleging Jones violated the terms of his placement and of his probation due to this new case. The Notice of Probation Violation indicated Jones' probation was scheduled to begin on December 10, 2018, and he had not paid any portion of his $793.00 monetary obligation. Jones was subsequently convicted of a Level 4 felony. On December 12, 2017, the trial court revoked Jones' community corrections placement and his probation and ordered him to serve ten years in the Department of Correction.[1] On December 15, the trial court issued an updated abstract and sentencing order, which still assessed $793.00 in court costs and fees, including the $460.00 in probation fees. Jones now appeals.

# Discussion and Decision

## I. Standard of Review

A trial court's authority to render sentencing decisions includes the decision to impose fees and costs and a sentencing decision is reviewed for an abuse of discretion. *De La Cruz v. State*, 80 N.E.3d 210, 213 (Ind. Ct. App. 2017). A trial court abuses its discretion when a sentencing decision is "clearly against

---

[1] The trial court has the authority to revoke a defendant's probation "at any time[,]" including before a defendant begins to serve it. *Champlain v. State*, 717 N.E.2d 567, 571 (Ind. 1999); *see also* Ind. Code § 35-38-2-1(b)(2).

the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Johnson v. State*, 27 N.E.3d 793, 794 (Ind. Ct. App. 2015). The trial court does not abuse its discretion if it imposes fees within the statutory parameters. *Id.*

## II. Probation Fees

[5] Before proceeding to Jones' argument, we address the State's contention that Jones waived his right to challenge the probation fees. The State argues Jones had ample opportunity to object to the trial court's imposition of probation fees and because of his failure to object, he has waived his right to challenge the fees on appeal. Specifically, the State contends that Jones did not object in 2015 when the court ordered him to pay probation fees as part of his modified sentence, in 2016 when Jones became aware of his outstanding balance and failed to pay, or in December 2017 at the hearings regarding the revocation of his probation and community corrections placement. Although Jones did not raise the issue to the trial court at those times, there was no basis for him to object as his probation had not yet been revoked and, in 2017 when Jones' probation was revoked, the trial court did not mention probation fees at the hearing. The probation fees were included in the updated sentencing order entered after the hearing. Based on case law, Jones could have properly assumed the trial court would not assess any probation fees in the updated order because his probation had been revoked before he began serving it. Therefore, Jones did not waive his right to challenge the probation fees on

appeal because he had no reason or opportunity to do so before the trial court assessed the fees.

[6] Turning to Jones' argument, he contends the trial court abused its discretion by imposing probation fees on him when his sentence does not include probation. He argues he "never began serving probation in this case, and probation is not part of his sentence now[,]" and asks this court to vacate the probation fees contained in the sentencing order. Brief of Appellant at 7. Jones relies on our holding in *Johnson* to support his argument. 27 N.E.3d at 793.

[7] In *Johnson*, the trial court ordered the defendant to pay twelve months of probation fees but after the defendant served just five months of probation, the trial court revoked his probation due to a violation. The defendant appealed the trial court's order that he pay the entire twelve months of probation fees. This court held that "probation fees should reflect the time a defendant actually served on probation" and because "the $340 in probation fees reflected a twelve-month probation and [defendant] served only five of those months, the trial court should recalculate [defendant's] probation fees, if appropriate, to correspond with the probation time [defendant] actually served." *Id*. at 794-95 (citing Ind. Code § 35-38-2-1(e)).

[8] Jones has never served probation in this case and the trial court revoked his previously ordered probation after he was convicted of a felony before beginning his probationary period. Probation was not included in his sanction for the probation violation, but the trial court nevertheless ordered him to pay

$460.00 in adult probation monthly and initial user's fees. Therefore, we conclude that the trial court abused its discretion by imposing probation fees on Jones as part of a sentence without probation. We remand this case to the trial court for a reassessment of court costs and fees consistent with our holding in *Johnson*, requiring fees to be in relation to probation actually served.

# Conclusion

[9] For the foregoing reasons, we reverse the assessment of probation fees and remand to the trial court to recalculate the amount of court costs and fees Jones owes in accordance with this opinion.

[10] Reversed and remanded.

Baker, J., and May, J., concur.