## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 08 2019, 9:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marvin E. Hart,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 8, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2174<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Jose Salinas, Judge<br><br>Trial Court Cause No.<br>49G14-1711-CM-45432 |

**Tavitas, Judge.**

## Case Summary

[1] After Marvin E. Hart's convictions, pursuant to a plea agreement, he appeals the trial court's delay of his indigency hearing pending the probation department's assessment of his ability to pay probation user fees. We affirm.

## Issue

[2] Hart's sole issue on appeal is whether the trial court abused its discretion in delaying his indigency hearing regarding probation user fees and ordering the probation department to assess his ability to pay probation user fees.

## Facts

[3] On November 26, 2017, the State charged Hart with various offenses. On August 15, 2018, the trial court conducted Hart's guilty plea and sentencing hearing. At the time, Hart was incarcerated in the Department of Correction ("DOC") in a separate cause and was scheduled for release in March 2019.

[4] Hart pleaded guilty to resisting law enforcement and possession of a synthetic drug or synthetic drug lookalike, Class A misdemeanors.[1] The trial court imposed the following concurrent sentences, to be served "after [Hart's] current DOC sentence":

> Count Two and Three [ ] are concurrent. Your sentence is 365 [days] in the Marion County Jail, 185 suspended, no executed

---

[1] In exchange for Hart's guilty plea, the State agreed to dismiss a second count of resisting law enforcement.

time.  180 [days] on probation.  Standard conditions of probation to include weekly drug testing and substance abuse evaluation.

Indigent to fines and costs.  I will assess a $200.00 drug fee. [ ]

Tr. Vol. II pp. 8, 9.  Although the trial court found Hart to be indigent as to fines and court costs, when defense counsel moved for an indigency finding for probation user fees, the trial court stated:

[Hart's] motion to be found indigent is denied.  [Hart is] free to [file an] interlocutory [appeal] if [he] want[s].  I'm going to allow probation to do an assessment.  Hopefully once [Hart] gets out, . . . he'll have employment opportunities.  I'll reassess it within 36 days . . . .

*Id.* at 10.  The trial court's "Order on Fees and Costs" provides:  "Probation to assess minimum Fees[2] within 30 or 60 days; Court will address the issue at that time.  [Hart] may request a hearing."  App. Vol. II p. 49 (italics omitted). Hart now appeals.

# Analysis

[5] Hart argues that the trial court abused its discretion in "delegat[ing] the obligation to determine Mr. Hart's ability to pay probation user fees to the

---

[2] As the State notes in its Appellee's brief, Indiana Code Section 35-38-2-1 allows for "[an] initial fee of not more than $50, monthly user fees of not less than $10, costs of testing, and a $50 administrative fee"; and local rules allow for "[a] $400 substance abuse fee which may be waived if [the defendant] seek[s] treatment." Appellee's Br. p. 7.

probation department and den[ying] his request for an [indigency] hearing[.]"
Appellant's Br. p. 4. We review a trial court's sentencing decisions, which
include decisions to impose fees and costs, for an abuse of discretion. *McElroy
v. State*, 865 N.E.2d 584, 588 (Ind. 2007). An abuse of discretion occurs when
the trial court's decision is against the logic and effect of the facts and
circumstances before the court. *Id*. If the fees imposed by the trial court fall
within statutory parameters, we will not find any abuse of sentencing discretion.
*Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).

[6] Indiana Code Section 35-38-2-1, governing conditions of probation and user
fees, inter alia, provides:

> Whenever it places a person on probation, the court shall:
>
> > (1) specify in the record the conditions of the probation; [ ]
> >
> > . . .
>
> (b) [ ] *If the person was convicted of a misdemeanor, the court may order
> the person to pay the user's fee prescribed under subsection (e).* The
> court may:
>
> > (1) modify the conditions (except a fee payment may only
> > be modified as provided in *section 1.7(b)* of this chapter); or
> >
> > (2) terminate the probation;
>
> at any time. If the person commits an additional crime, the court
> may revoke the probation. [ ]

Ind. Code § 35-38-2-1 (emphasis added). Notably, Indiana Code Section 35-38-2-1.7(b) permits a probation department to petition a court to impose a probation user's fee on a person or to increase a person's probation user's fee "*if the financial ability of the person to pay a probation user's fee changes while the person is on probation.*" Such is the case here.

[7] "A trial court should conduct an indigency hearing before or upon the completion of a defendant's sentence." *Johnson v. State,* 27 N.E.3d 793, 794 (Ind. Ct. App. 2015); *see Burnett v. State*, 74 N.E.3d 1221, 1227 (Ind. Ct. App. 2017). Indiana law does not, however, require a trial court to conduct an indigency hearing *at the time* probation fees are ordered. *Johnson,* 27 N.E.3d at 794.

[8] As we have previously stated, it is the trial court, not the probation department, that has the discretion to impose probation fees." *Burnett*, 74 N.E.3d at 1227. In *Burnett*, despite the fact that the trial court conducted an inadequate indigency hearing and assessed no probation user's fees at sentencing, "the probation department subsequently imposed an aggregate amount of $640 in fees on the defendant." *Id*. at 1226. On appeal, we—in relevant part—vacated the trial court's judgment regarding the fees owed by Burnett because the trial court did not order the $640 in fees assessed by the probation department. *Id*.

[9] Here, unlike *Burnett*, the trial court assessed minimum fees, but delayed Hart's indigency hearing pending the probation department's assessment of Hart's "employment opportunities," ability to pay, and the court's determination of

the appropriate probation user fees depending on how Hart's "financial ability . . . to pay a probation user's fee change[d]" while Hart completes probation. App. Vol. II p. 49; *see* I.C. § 35-38-2-1.7(b).

[10] Inasmuch as Section 1.7(b) explicitly permits a probation department to assess a probationer's ability to pay and to request the trial court to increase or impose additional probation fees, we cannot find an abuse of discretion here. *See* I.C. § 35-38-2-1.7(b); Tr. Vol. II p. 10. The trial court did not impermissibly delegate its authority to impose fees. Rather, the trial court delegated *the assessment* of Hart's ability to pay fees to the probation department; stated that it would review the matter of probation user fees in thirty to sixty days; and indicated that Hart could request a hearing regarding the fees.[3]

## Conclusion

[11] The trial court did not abuse its discretion in delaying Hart's indigency hearing pending the probation department's assessment of Hart's financial circumstances. We affirm.

[12] Affirmed.

Baker, J., and May, J., concur.

---

[3] Further, we note that the delayed indigency hearing resulted, as a practical matter, from the fact that Hart was already incarcerated at the time of sentencing and would not begin serving his 180-day probation term until he was released from incarceration in March 2019.