## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 10 2020, 6:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kentrell A. Fleming,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 10, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1394<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Lisa F. Borges, Judge<br><br>Trial Court Cause No.<br>49G04-1802-F5-5443 |

**Altice, Judge.**

## Case Summary

After finding that Kentrell Fleming violated a no contact order, the trial court revoked Fleming's placement in community corrections and a yet-to-be-served term of probation. As part of his sanction, the trial court ordered Fleming to pay certain probation-related fees. On appeal, Fleming argues that the court abused its discretion by imposing probation fees for a term of probation that was revoked before it ever began.

We reverse and remand.

## Facts & Procedural History

On February 15, 2018, the State charged Fleming with Count I, Level 5 felony intimidation, and Count II, Level 5 felony battery resulting in serious bodily injury. On September 26, 2018, Fleming pled guilty to Count II and the State agreed to dismiss Count I. On October 10, 2018, the trial court sentenced Fleming per the terms of the plea agreement, imposing a five-year sentence, with three years executed and two years suspended. The executed portion of the sentence was to be served as one year in the Department of Correction (DOC) and two years in community corrections. Of the two years suspended, one year was to be served on probation. As part of the original sentencing order, the trial court ordered Fleming to pay court costs and fees totaling $845, including $560 in probation-related fees.

On February 1, 2019, community corrections filed a notice of violation alleging that Fleming violated a no contact order. The probation department also filed a

notice of probation violation on February 4, 2019.[1]  The court held a contested hearing over two days.  On May 17, 2019, the trial court found that Fleming violated the rules of both community corrections and probation by violating a no contact order.  The court revoked both placements and ordered Fleming to serve four years in the DOC.  Because Fleming was still serving his community corrections sentence when the violations were filed, he had not yet begun serving his time on probation.  The trial court issued an updated sentencing order reflecting the sanction and reassessed $845 in court costs and fees, including the $560 in probation fees.  Fleming now appeals.  Additional facts will be provided as necessary.

## Discussion & Decision

[5] Sentencing decisions include decisions to impose fees and costs.  *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).  A trial court's sentencing decisions are reviewed under an abuse of discretion standard.  *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007).  "An abuse of discretion has occurred when the sentencing decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'"  *Id*. at 588 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).  "If the fees imposed by the trial court fall within

---

[1] The notice of probation violation indicated that Fleming had not paid any portion of his $845 monetary obligation.

the parameters provided by statute, we will not find an abuse of discretion." *Berry*, 950 N.E.2d at 799.

[6] Before addressing Fleming's argument, we address the State's contention that Fleming "cannot challenge the assessment of probation fees since they appeared in the original sentencing order and were not added as part of his sentence in the revocation hearing." *Appellee's Brief* at 7. The State maintains that because Fleming did not challenge imposition of probation fees when they were assessed, he cannot challenge them following the revocation of his probation. The State improperly characterizes Fleming's challenge as a collateral challenge to the validity of his sentence. *Cf. Stephens v. State*, 818 N.E.2d 936, 939 (Ind. 2004) (stating that a defendant cannot collaterally attack a sentence on appeal from a probation revocation). When the probation fees were imposed as part of the original sentencing order, Fleming had no basis to object as his probation had not yet been revoked. After the trial court revoked his probation, however, the court again imposed probation-related fees. Fleming is not collaterally attacking the imposition of probation fees as set out in the original sentencing order. Rather, Fleming argues that the trial court abused its discretion when it failed to modify his fee obligation following the revocation of his probation. A judgment revoking probation is a final appealable order. Ind. Code § 35-38-2-3(l). Fleming can therefore challenge the court's imposition of probation fees.

[7] Citing I.C. § 35-38-2-1(b) (directing to I.C. § 35-38-2-1.7(b)), the State also argues that the trial court was prohibited from vacating the imposition of probation fees absent a petition from the probation department. The plain

language of the statute establishes that it is not relevant to this case. Pursuant to I.C. § 35-38-2-1(b), the trial court may modify the conditions or terminate probation at any time, except for fee payment which "may only be modified as provided in section 1.7(b) of this chapter". Section 1.7(b) provides:

> A probation department may petition a court to:
>
> (1) impose a probation user's fee on a person; or
>
> (2) increase a person's probation user's fee;
>
> under section 1 or 1.5 of this chapter if the financial ability of the person to pay a probation user's fee changes *while the person is on probation*.

(Emphasis supplied). Neither of these provisions is applicable here. Further, this statutory provision presumes the individual is actively serving probation, which Fleming was not. We disagree with the State that the trial court was statutorily constrained to leave the probation fees imposed as part of the original sentence in place following the revocation of Fleming's probation.

[8] We now turn to the merits of Fleming's argument. Relying on *Johnson v. State*, 27 N.E.3d 793 (Ind. Ct. App. 2015), Fleming contends that the trial court abused its discretion by requiring him to pay probation user fees despite his probation being revoked before it ever began. In *Johnson*, the trial court ordered the defendant to pay twelve months of probation fees but after the defendant served just five months of probation, the trial court revoked his probation due to

a violation. The defendant appealed the trial court's order that he pay the entire twelve months of probation fees. This court held that "probation fees should reflect the time a defendant actually served on probation" and because "the $340 in probation fees reflected a twelve-month probation and [defendant] served only five of those months, the trial court should recalculate [defendant's] probation fees, if appropriate, to correspond with the probation time [defendant] actually served." *Id*. at 794-95 (citing I.C. § 35-38-2-1(e)).

[9] In this case, Fleming never served probation, and the trial court revoked his previously ordered probation before his probation even began. Although the trial court revoked Fleming's probation, the trial court nevertheless ordered him to pay $560 in probation-related fees. We conclude that the trial court abused its discretion in ordering Fleming to pay probation fees as part of a sanction that did not include probation. We remand this case to the trial court with instructions to reduce the amount of fees by $560.

[10] Judgment reversed and remanded.

Robb, J. and Bradford, C.J., concur.