

IN THE

# Court of Appeals of Indiana

Ivan Hernandez-Vargas,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Oct 17 2024, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

October 17, 2024

Court of Appeals Case No.
24A-CR-1306

Appeal from the Hamilton Superior Court

The Honorable Michael A. Casati, Judge

Trial Court Cause No.
29D01-2110-F5-6351

**Opinion by Judge Brown**
Judges Mathias and Kenworthy concur.

**Brown, Judge.**

[1] Ivan Hernandez-Vargas appeals the trial court's order upon revocation of his probation which included a civil judgment for probation user fees assessed at the time of original sentencing. We reverse and remand.

**Facts and Procedural History**

[2] In October 2021, the State charged Hernandez-Vargas with operating a motor vehicle after forfeiture of license for life as a level 5 felony, operating a vehicle while intoxicated endangering a person as a class A misdemeanor, and operating a vehicle with a Schedule II controlled substance or its metabolite in the blood, as a class C misdemeanor. On January 22, 2022, the parties entered into a plea agreement which provided for Hernandez-Vargas to plead guilty to the level 5 felony and the class A misdemeanor in exchange for dismissal of the remaining charge as well as dismissal of all charges in an unrelated case. Following a hearing, the trial court accepted the guilty plea and, on February 24, sentenced Hernandez-Vargas to five years with three years executed and two years suspended to probation. The court ordered that the "executed" term "shall be served as one (1) year as a direct commitment to Hamilton County Community Corrections [("HCCC")] work release followed by two (2) years as a direct commitment to [HCCC] on electronic monitored home detention." Appellant's Appendix Volume II at 72. The court also imposed a $150 CARE fee, court costs of $185.50, an alcohol and drug countermeasures fee of $200, and probation user fees of $660, for total costs of $1,195.50. The court's order of probation provided that "[p]robation will be tolled during the service of the

executed term." *Id*. at 74. Hernandez-Vargas began serving his executed HCCC placement on the day he was sentenced.

[3] On February 7, 2024, HCCC filed a Notice of Non-Compliance after Hernandez-Vargas tested positive for alcohol. On February 8, the Hamilton County Probation Department filed a notice of violation. The court held a factfinding hearing on May 23, 2024. Hernandez-Vargas admitted the violation and the court revoked his placement in community corrections and his probation and ordered him to serve 1700 days in the Department of Correction ("DOC") with 992 days of actual and good time credit. As part of its revocation order, the court entered a civil judgment against Hernandez-Vargas for $685.50 for "outstanding court costs and fees." *Id*. at 118.

## Discussion

[4] Hernandez-Vargas challenges the trial court's entry of a civil judgment upon revocation of his probation which included $660 of probation user fees assessed at the time of his original sentencing. He argues that "it was an abuse of discretion" for the trial court to "assess probation fees when [he] was not actively serving probation when probation was revoked." Appellant's Brief at 6 (emphasis omitted). The State responds that the "trial court did not abuse its discretion when it did not vacate probation fees that were assessed in the trial court's original sentencing order." Appellee's Brief at 7 (emphasis omitted). The State characterizes Hernandez-Vargas's claim as an improper collateral attack on his original sentence, and it further argues that the trial court's "hands were tied" because statutory law requires a petition from the probation

department before a fee order may be amended. *Id*. at 10. We agree with Hernandez-Vargas.

[5] Our opinion in *Fleming v. State*, 143 N.E.3d 987 (Ind. Ct. App. 2020) is directly on point and instructive here. In *Fleming*, the defendant pled guilty to a level 5 felony and the trial court sentenced him per the terms of the plea agreement, imposing a five-year sentence, with three years executed and two years suspended. *Fleming*, 143 N.E.3d at 989. The three-year executed portion of the sentence was to be served as one year in the DOC and two years in community corrections. *Id*. Of the two years suspended, one year was to be served on probation. *Id*. As part of the original sentencing order, the court ordered the defendant to pay court costs and fees totaling $845, including $560 in probation-related fees. *Id*.

[6] While the defendant was serving the executed portion of his sentence, community corrections filed a notice of violation alleging that he violated a no contact order. *Id*. The probation department also filed a notice of probation violation alleging that he had not paid any portion of his $845 monetary obligation. *Id*. at 989 n.1. Following a hearing, the revocation court found that the defendant violated the rules of both community corrections and probation by violating the no contact order. *Id*. at 989. The court revoked both placements and ordered the defendant to serve four years in the DOC. *Id*. Because the defendant was still serving his community corrections sentence when the violations were filed, he had not yet begun serving his time on probation. *Id*. The trial court issued an updated sentencing order reflecting the

sanction and reassessed $845 in court costs and fees, including the $560 in probation fees. *Id*.

[7] On appeal, the defendant argued that the trial court abused its discretion by imposing probation fees for a term of probation that was revoked before it ever began. *Id*. at 989. This Court held:

> Relying on *Johnson v. State*, 27 N.E.3d 793 (Ind. Ct. App. 2015), Fleming contends that the trial court abused its discretion by requiring him to pay probation user fees despite his probation being revoked before it ever began. In *Johnson*, the trial court ordered the defendant to pay twelve months of probation fees but after the defendant served just five months of probation, the trial court revoked his probation due to a violation. The defendant appealed the trial court's order that he pay the entire twelve months of probation fees. This court held that "probation fees should reflect the time a defendant actually served on probation" and because "the $340 in probation fees reflected a twelve-month probation and [defendant] served only five of those months, the trial court should recalculate [defendant's] probation fees, if appropriate, to correspond with the probation time [defendant] actually served." *Id*. at 794-95 (citing I.C. § 35-38-2-1(e)).

*Id*. at 990-991. The *Fleming* court observed, "Fleming never served probation, and the trial court revoked his previously ordered probation before his probation even began." *Id*. at 991. The Court stated that, "[a]lthough the trial court revoked Fleming's probation, the trial court nevertheless ordered him to pay $560 in probation-related fees." *Id*. It concluded that the trial court abused its discretion in ordering Fleming to pay probation fees as part of a sanction that

did not include probation and remanded the case to the trial court with instructions to reduce the amount of fees by $560. *Id.*

[8] The circumstances presented here require the same conclusion, and the State's attempts to distinguish *Fleming* are unavailing.[1] In this case, as in *Fleming*, Hernandez-Vargas never served probation, and the trial court revoked his previously ordered probation before his probation even began. Despite revoking his probation, the trial court nevertheless entered a civil judgment ordering Hernandez Vargas to pay $685.50, which included $660 in the previously assessed probation-related fees. We conclude that the trial court abused its discretion in doing so.

[9] We note that, as it did in *Fleming*, the State characterizes Hernandez-Vargas's current challenge as an improper collateral "challenge to the validity of his [original] sentence." Appellee's Brief at 9 (citing *Stephens v. State*, 818 N.E.2d 936, 939 (Ind. 2004) (holding that defendant cannot collaterally attack sentence on appeal from probation revocation)). We rejected this argument in *Fleming*, noting that:

---

[1] The State suggests that *Fleming* should not control because, unlike in *Fleming*, the fees ordered here "were not part of the [revocation] sanctions order but were part of the original sentence." Appellee's Brief at 10. The State's assertion misrepresents the facts of *Fleming* as the probation fees in *Fleming* had been assessed as part of the original sentencing order. *Fleming*, 143 N.E.3d at 989. The State further suggests that, unlike the defendant in *Fleming*, an argument could be made that Hernandez-Vargas was, in fact, already serving probation at the time of the revocation. The State argues that he "was already required to fulfill the terms of his probation" when he was serving executed time in community corrections so he arguably was "effectively already serving [probation]." Appellee's Brief at 7, 10. However, the court's probation order specifically provided that "[p]robation will be tolled during the service of the executed term." Appellant's Appendix Volume II at 74. We find the State's attempts to distinguish *Fleming* on these bases unpersuasive.

When the probation fees were imposed as part of the original sentencing order, Fleming had no basis to object as his probation had not yet been revoked. After the trial court revoked his probation, however, the court again imposed probation-related fees. Fleming is not collaterally attacking the imposition of probation fees as set out in the original sentencing order. Rather, Fleming argues that the trial court abused its discretion when it failed to modify his fee obligation following the revocation of his probation. A judgment revoking probation is a final appealable order. Ind. Code § 35-38-2-3(l). Fleming can therefore challenge the court's imposition of probation fees.

*Fleming*, 143 N.E.3d at 990. Contrary to the State's argument, Hernandez-Vargas can challenge the trial court's failure to vacate or modify his fee obligation upon revocation of his probation.

[10] Regarding the State's assertion, based upon Ind. Code §§ 35-38-2-1(b) and 35-38-2-1.7(b),[2] that the trial court's hands were tied and that it was prohibited from modifying or vacating the prior fee order absent a petition from the probation department, we specifically rejected this exact assertion in *Fleming*. *See id.* (considering the statutory language, finding the provisions irrelevant and inapplicable to an individual not actively serving probation, and disagreeing with the State's contention "that the trial court was statutorily constrained to

---

[2] Ind. Code § 35-38-2-1(b) provides in pertinent part that the court may modify the conditions of probation at any time, "except a fee payment may only be modified as provided in section 1.7(b) of this chapter." (parenthetical omitted). Ind. Code § 35-38-2-1.7(b) provides: "A probation department may petition a court to: (1) impose a probation user's fee on a person; or (2) increase a person's probation user's fee; under section 1 or 1.5 of this chapter if the financial ability of the person to pay a probation user's fee changes while the person is on probation."

leave the probation fees imposed as part of the original sentence in place following the revocation of Fleming's probation").  The State has given us no cause to reconsider our conclusion in *Fleming* that trial courts are not statutorily constrained to leave in place probation fees such as the ones at issue here.

[11]  Based on the foregoing, we reverse the trial court's civil judgment order and remand with instructions to reduce the amount of fees by $660.[3]

[12]  Reversed and remanded.

Mathias, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

James D. Crum
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

---

[3] The Chronological Case Summary indicates that, of the originally assessed amount of $1,195.50, Hernandez-Vargas paid $510 toward his assessed fees, which included a $150 CARE fee.  Hernandez-Vargas briefly mentions in a footnote that the CARE fee "was a condition of probation" and that having already paid that fee despite never having served probation, he has "ultimately overpaid for what was actually due in court costs and fees."  Appellant's Brief at 7 n.3.  He does not cite any authority or explain or suggest that this Court should grant him further relief and therefore, he has waived any argument regarding the propriety of the CARE fee, and we decline to address this matter further.  *See Lyles v. State*, 834 N.E.2d 1035, 1050 (Ind. Ct. App. 2005) ("A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.