## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Daniel Hageman
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ricardo Willis,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 6, 2019

Court of Appeals Case No.
19A-CR-828

Appeal from the Marion Superior Court

The Honorable Lisa Borges, Judge

Trial Court Cause No.
49G04-1706-F4-22312

**Bradford, Judge.**

# Case Summary

[1] In June of 2018, Ricardo Willis pled guilty to Level 4 felony burglary. In March of 2019, the trial court found that Willis violated the terms of his community corrections and probation placements by committing a new criminal offense. The trial court revoked Willis's sentence and ordered that the remainder of it be executed in the Indiana Department of Correction ("DOC"). Willis contends that the trial court abused its discretion by (1) revoking his community corrections placement and probation and (2) ordering him to pay probation fees. We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

[2] On June 13, 2018, Willis pled guilty to Level 4 felony burglary and ultimately received a sentence of six years, with one year executed in the DOC, two years in Marion County Community Corrections, two years suspended to probation, and one year suspended without probation. On August 31, 2018, while in community corrections, Willis went to Methodist Hospital for chest pains. After Willis was discharged, the nursing staff called law enforcement to inform them that Willis was refusing to leave and being disorderly. IU Health Police Officer Matthew Dixon arrived at the emergency room and instructed Willis that he needed to leave the hospital. A verbal argument ensued, during which Officer Dixon instructed Willis to leave the hospital multiple times, which Willis refused to do. IU Health Police Officer Dustin Dishman arrived on scene and instructed Willis to leave the hospital three times, to which Willis replied,

"F\*\*\* you, [I]'m not leaving." Ex. 2. After being instructed to leave for a fourth time, Willis replied that the only way to get him to leave would be to take him to jail. Willis was arrested and taken into police custody.

[3] On August 31, 2018, a notice of violation of the terms of his community corrections was filed against Willis. On September 20, 2018, Willis was charged with Class A misdemeanor criminal trespass. On September 25, 2018, a notice of violation of the terms of his probation was filed against Willis. On January 28, 2019, Willis pled guilty to Class A misdemeanor criminal trespass. On March 15, 2019, an evidentiary hearing was held regarding both notices of violation, after which the trial court found that Willis had violated the terms. The trial court revoked Willis's placement in community corrections and probation and ordered the remainder of his sentence to be executed in the DOC.

# Discussion and Decision

## I. Revocation

[4] Willis contends that the trial court abused its discretion by revoking his community corrections placement and probation. "We treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation." *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009).

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (internal citations omitted).

[5] We conclude that the trial court did not abuse its discretion by revoking the entirety of Willis's sentence. Willis violated the terms of his community corrections placement and probation by committing a new offense, which alone can support a revocation. *See Wilson v. State,* 708 N.E.2d 32, 34 (Ind. Ct. App. 1999) (concluding that a violation of a single condition of probation is sufficient to revoke probation). Moreover, the nature of Willis's violation, taken together with his criminal history, shows a continuing disregard for authority and the rule of law. Since 1998, Willis has been convicted of fifteen felonies and one misdemeanor in Indiana, Illinois, and Kentucky, including armed robbery, burglary, criminal confinement, stalking, theft, forgery, and battery. Willis also has multiple probation violations; three prison-conduct incidents while in the DOC; and, at the time of his arrest in this case, multiple outstanding arrest

warrants. Willis asks us to consider his revocation in light of his testimony that he refused to leave the hospital because it would have amounted to a violation of his community corrections. Willis's testimony and credibility were considered and weighed by the trial court. Willis's argument is merely an invitation to reweigh the evidence, which we will not do. *Luke v. State,* 51 N.E.3d 401, 421 (Ind. Ct. App. 2016), *trans. denied.* Therefore, Willis has failed to establish that the trial court abused its discretion by revoking his community corrections placement and probation.

## II. Probation Fees

Willis contends that because his sentence was revoked before he was ever placed on probation, the trial court abused its discretion by ordering him to pay probation fees. Because sentencing decisions include decisions to impose fees and costs, we review a trial court's decision ordering fees and costs for an abuse of discretion. *Johnson v. State*, 27 N.E.3d 793, 794 (Ind. Ct. App. 2015). While the trial court's sentencing order in this matter included probation fees, its order on community corrections and probation violation does not mention probation fees nor did the trial court mention them during the revocation hearing. Moreover, the parties agree that clarification from the trial court is needed regarding the ordered fees. Here, Willis did not serve any time on probation, but fees may be appropriate for the time he was in community corrections.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions for the trial court to recalculate the amount of fees or costs owed, if any.

Vaidik, C.J., and Riley, J., concur.